THE WESTERN UNION TELEGRAPH COMPANY *v.* LINDLEY.

The admission of secondary evidence of the contents of a writing, without accounting for the non-production of the writing, is not cause for a new trial where the secondary evidence was not objected to; and this is true though the defendant was not present nor represented by counsel at the trial, the case being in default. *Cotton States Life Ins. Co.* v. *Edwards*, 74 *Ga.* 220. It might be otherwise if it affirmatively appeared that the writing was substantially different from the secondary evidence of its contents, but in the present case no such fact appears. The evidence warranted the court in charging the jury as set out in the motion for a new trial, and the verdict is supported by evidence both as to penalty and special damages.          *Judgment affirmed.*
    August 1, 1892.

Evidence. Telegraph company. Penalty. Damages. Before Judge RICHARD H. CLARK. Cobb superior court. November term, 1891.

Lindley sued the Western Union Telegraph Company for the statutory penalty and special damages, for failure to properly transmit and deliver a telegraphic message. The message as set out in the declaration was : "Powder Springs, April 23, 1890. Mr. Thomas Grisard, Atlanta, Ga. How is cattle ? Answer at once. Care W. H. Talley." This was signed by the plaintiff. When the case came on for trial, the defendant was in default and not represented by counsel. The plaintiff testified : On April 23, 1891, he sent the message set out in the declaration over defendant's line. He went to the office in Powder Springs, wrote the message, gave it to the operator and paid him fifty cents—half of this amount

for sending the message, and half for the answer which was to be sent back to witness. Witness went to the office several times for the answer, but did not get any. Waited a week or more, and finally went to Atlanta to see what was the matter. He was then engaged in the beef business, that is, would buy up beeves and sell to the butchers. Grisard was in the beef business in Atlanta, and witness had sold to him several times before this. Had also sent him telegrams before, as he did at this time, and had always had prompt answers before this time. Witness had on hand at that time about fifteen head of cattle that he expected to have sold to Grisard. On account of not hearing from him witness kept these cattle about a week or more, and had to bear the expense of keeping them. It cost him about thirty to forty cents apiece per day to keep them. In the meantime the prices declined, and he lost about $2 per head on them. If he had got a prompt answer to his telegram, as he expected, he could have got them off right away, and would not have sustained these losses. From other testimony it appeared that Grisard lived in Atlanta within a quarter of a mile of the office of defendant. He had a place of business near defendant's office in Atlanta, where it has often delivered telegrams to him prior to the time in question. He had received telegrams from plaintiff several times prior to this over defendant's line, defendant delivering them. He always answered them promptly, and would have answered this had he received it. He had bought cattle from plaintiff before. He did not receive the telegram, and knew of it first when plaintiff came to Atlanta and inquired about it. Talley lives within a quarter of a mile of defendant's office in Atlanta, and defendant has often delivered telegrams to him there. He has received telegrams from plaintiff through defendant. He never received the telegram in question, and first heard of it when plaintiff came to inquire about it.

The jury found for plaintiff .$100 penalty, and $30 damages. The defendant brought its bill of exceptions, alleging that the court should have required plaintiff either to put in evidence the original telegram, or to have properly accounted for its non-production, before allowing proof of it by secondary evidence. It also assigned error upon the following instructions of the court to the jury, alleging that they were unwarranted by the evidence, and that the evidence did not entitle the plaintiff to recover: " If you believe the evidence sustains plaintiff's cause of action, you are authorized to find for the plaintiff the penalty claimed in the declaration, to wit $100. If you do not so believe, you should find for defendant If you believe the evidence sustains plaintiff's cause of action as to special damages, you should find also for plaintiff such an amount as will compensate him for whatever loss he sustained because of the failure to deliver the telegram, as may be shown by the evidence. If you should not so believe, you should not find as to special damages."

BIGBY, REED & BERRY, for plaintiff in error.

CLAY & BLAIR, *contra.*