## CORKER *v.* STAFFORD.

1. An assignment of error upon the exclusion of a deed tendered in evidence by the plaintiff in an action "for the possession of land" is without merit when it is not made to appear that the deed would have established or tended to establish the plaintiff's title to the tract or parcel of land in controversy. The fact that the trial court may have excluded the evidence upon an objection that was not good in itself affords no reason for disturbing his ruling.

2. When in such case plaintiff and defendant claim under a common grantor, it is not error to exclude a deed conveying the land to the common grantor from his predecessor in title; as evidence of the former's title is immaterial.

3. The evidence authorized the verdict, and there was no error in refusing a new trial.

Submitted March 3,—Decided May 16, 1906.

Equitable petition. Before Judge Spence. Decatur superior court. June 9, 1905.

*R. G. Hartsfield* and *W. M. Harrell*, for plaintiff.

*R. R. Terrell*, for defendant.

BECK, J. Hiram Corker brought his equitable petition against Lucinda Stafford, praying that she be enjoined from interfering with his possession of a certain described tract of land, and from otherwise harassing him in relation to this possession, claiming title to the land. The defendant in her answer averred that the land was hers. Upon the trial of the case before the judge without a jury, a judgment was awarded in favor of the defendant, and the plaintiff excepted, further complaining of the exclusion by the court of certain evidence tendered by him during the trial. It appears from the record that both the plaintiff and the defendant claim the

tract in controversy under one Jeff Corker, and that each acquired a tract from him, but both claim the same tract. A part of the evidence rejected by the court was a deed from Jeff Corker to the plaintiff, in which the tract conveyed was described as being on the northeast corner of a certain land lot, whereas in his petition the land in dispute was differently described. The other evidence which was excluded is sufficiently set out further on in the opinion, and need not now be given.

1. The plaintiff in error has failed. to make it appear that he was injured by any of the rulings of the court below in excluding the evidence which it is here insisted should have been admitted. If the deed from Jeff Corker to Hiram Corker had gone in evidence it would have failed entirely to support the allegation in the petition descriptive of the land in controversy to which the plaintiff claims title and the right of possession. Even if the court erred in excluding the deed on the ground that "the description in said deed was not definite enough to locate the land conveyed, so as to pass title," the error was not harmful to the plaintiff's case; because, if the deed had been admitted, its admission would not have tended to strengthen the plaintiff's claim of title to the tract sought to be recovered. True it appears from the bill of exceptions that "the plaintiff then offered the evidence of the maker of the deed, Jeff Corker, as to the identity of the lands conveyed, as to how it could be located from the description contained in said deed, and what land he intended to convey in said deed; all of which the judge refused to admit. Plaintiff offered to prove the same facts by other witnesses, but said judge refused to hear any testimony as to said facts." But this does not contain a meritorious assignment of error, in the absence of a statement that the evidence which was thus excluded would have established, or tended to establish, the identity of the land conveyed in the deed with the land described in the plaintiff's petition.

2. The court did not err in excluding from evidence the deed from Wight to Jeff Corker. The latter was the common grantor of both the plaintiff and defendant; and as both claimed to have derived title from him, the source of his title was immaterial.

The case having been heard by the court upon the law and the facts under an agreement between the parties, and the evidence

being conflicting and not demanding a verdict for the plaintiff, the finding and judgment of the court will not be disturbed.

*Judgment affirmed.   All the Justices concur.*