### SOUTHERN TIMBER COMPANY v. NEWPORT LAND COMPANY.

HILL, J. 1. On the trial of the case the plaintiff offered in evidence, as a part of his muniment of title, a sheriff's deed to the land in controversy, together with the execution and entry of levy thereon. The entry of levy on the fi. fa. was as follows: "Georgia, Liberty County. I have this day levied the within execution on 95 acres, more or less, in the 1359 district G. M. of said county, said land described as being lot No. 14 of subdivision of tract of land containing 763 acres, more or less,

recorded in book of deeds AC, p. 568. This Feb. 21st, 1905. A. B. Brewer, Sheriff." The deed and execution with the entry thereon were objected to on the ground that the description of the land was too indefinite, and that the sheriff had no legal right to sell the land under such description; and that accordingly no legal title to the land under such description passed by the sheriff's deed to Miller, the purchaser at sheriff's sale, and under whom, and Solomon, the plaintiff claims title. *Held,* that the court did not err in admitting the sheriff's deed in evidence. *Lewis v. Trimble,* 151 *Ga.* 97 (106 S. E. 101); *Tolbert v. Short,* 150 *Ga.* 413 (104 S. E. 245).

2. Under the facts alleged in the petition, the answer of the defendant that he could neither admit nor deny the allegation that plaintiff and defendant both claimed title to the land in controversy from a common grantor (Solomon), and that plaintiff's title was superior to the defendant's, is evasive; and the allegations are to be taken as true. Civil Code (1910), § 5637; *Horne v. Peacock,* 122 *Ga.* 45 (49 S. E. 722); *Raleigh &c. R. Co. v. Pullman Co.,* 122 *Ga.* 700 (5), 707 (50 S. E. 1008). See also 39 Cyc. 1713, 1714, and authorities cited.

3. Under the pleadings and evidence in the case the court did not err in overruling the motion for nonsuit, or in directing a verdict for the plaintiff.　*Judgment affirmed. All the Justices concur.*

No. 1983. FEBRUARY 18, 1921.

Equitable petition. Before Judge Sheppard. Liberty superior court. February 18, 1920.

Newport Land Co. filed a petition against Southern Timber Co., Dunlevie Lumber Co., and E. V. Dunlevie, to "enjoin them from cutting or removing, or in any manner entering upon, injuring, or interfering with the trees and timber upon said tract of land, and from trespassing upon said land in any way or manner, and from entering upon or passing over the same." There was a prayer also that the title to the timber and trees and to the land be decreed in the plaintiff. The petition alleged that the plaintiff was the owner in fee simple of "all that tract or parcel of land containing 95 acres, more or less, lying and being in the 1359th district of Liberty County, Georgia, known as lot No. 14 in the subdivision into lots of that tract of land containing 763 acres more or less, conveyed to Greig and Jones by Henry G. Waite by deed dated October 14, 1892, and recorded in the office of the clerk of the superior court of Liberty County, Georgia, in Book AA, pp. 95, 96, said lot bounded north by lot No. 7 of said subdivision, east by the Sunberry tract, south by the road from Hinesville to Sunberry, west by lot No. 13 of said subdivision." The third paragraph of the petition alleged that the tract of land was conveyed by Benjamin Greig and Francis F. Jones to Edward Solomon by deed dated June 10, 1897, and recorded August 4, 1898, in Book AC, p. 568, of the

record of deeds for Liberty County, Georgia, and "both your petitioner and said defendants claim title under and through the said Edward Solomon, as common grantor." Paragraph 4 of the petition alleged that the defendants claimed title to the land or the timber thereon under a year's support assigned to Nancy Solomon and her children from the estate of Edward Solomon, Nancy Solomon under the name of Nancy Burk being alleged to have conveyed the land to one Alfred LeConte, under whom defendants claim title to the timber on the tract of land in controversy. The fifth paragraph of the petition alleges that before the year's support was assigned to Nancy Solomon and her children, and before the death of Edward Solomon, the land was sold by A. B. Brewer, sheriff of Liberty County, to E. P. Miller and was conveyed by the sheriff to Miller as the property of Edward Solomon by deed dated April 4, 1905, under an execution issued by the superior court of Liberty County in the case of A. L. Jones *v.* Edward Solomon. It was alleged in paragraph six, that by reason of the sheriff's sale Edward Solomon had no title to the property in controversy at the time of the assignment of the year's support; and that the title claimed by the defendants, or any of them, under the year's support is void. The defendants filed an answer, in which the Dunlevie Lumber Co. and. E. Dunlevie disclaimed any title or interest in the land or timber. Answering the third paragraph of the petition, the substance of which is set out above, defendants neither admit nor deny the allegations contained therein. In answer to paragraph 4 it was averred that the defendant Southern Timber Co. "admits that it claims title to said timber, but denies that Dunlevie Lumber Co., or E. V. Dunlevie, or either of them, claim any rights, title, or interest in the said timber." To paragraph 5 defendants answer that for want of sufficient information they can neither admit nor deny the allegations contained therein. Defendants amended their answer by further answering the fourth paragraph of the petition, as follows: "Defendant Southern Timber Co. claims title to said timber under a lease from Alfred LeConte, Manerver LeConte, Frank Mallard, and Mabel Mallard, and under a previous from Nancy Solivan to said parties, and a prescriptive title under said deed. For want of sufficient information defendants can neither admit or deny the other allegations in said paragraph." At the conclusion of the plaintiff's evidence the defendant moved for a nonsuit, which

motion was overruled, and the defendant excepted. The defendant offered no evidence; whereupon the court directed a verdict for the plaintiff, and entered a decree enjoining the defendant as prayed.

*N. J. Norman* and *A. S. Way,* for plaintiff in error.

*Travis & Travis,* contra.

*Judgment affirmed. All the Justices concur.*