TEN-FIFTY PONCE DE LEON COMPANY *v.* CITIZENS AND SOUTHERN NATIONAL BANK, trustee; *et vice versa.*

Nos. 7426, 7427. June 17, 1930.

Underwood, Haas & Gambrell, for plaintiff in error.
Alston, Alston, Foster & Moise, contra.

Hill, J. The Citizens and Southern National Bank as trustee brought an equitable petition against Ten-Fifty Ponce de Leon Company, a corporation under the laws of Georgia, with its principal office in Fulton County. The petition alleged, among other things, that on or about January 1, 1925, the defendant executed its first-mortgage, seven per cent., serial gold bonds in the aggregate principal par value of $950,000, of which $25,000 principal par value matured and were paid and retired on January 1, 1928, and there are now outstanding of said issue $925,000 principal par value; that said bonds were sold by defendant for value, and are outstanding in the hands of purchasers; that on or about January 1, 1925, the defendant executed and delivered its indenture conveying to Adair Realty & Trust Company certain real property for the purpose of securing the issue of bonds mentioned, which indenture was duly recorded; that Adair Realty & Trust Company resigned its office as trustee, and the Citizens & Southern Bank was appointed as successor trustee; that under the terms of said indenture it is provided that for the period beginning January 1, 1925, and ending January 1, 1927, the defendant corporation shall deposit with the trustee, in equal annual installments on the first of each month, a sum equal to one twelfth of the total

interest charges accruing within each ensuing yearly period respectively, and likewise for the period beginning January 1, 1926, and ending January 1, 1927, the defendant corporation shall deposit with the trustee on the first of each month a sum equal to one twelfth of the principal maturing within each ensuing yearly period respectively; that the defendant has made no deposit with the trustee for interest charges in accordance with the terms of the indenture, and has made no deposit with the trustee for the principal of said bonds for the months composing the year 1928, and January, 1929; that by the terms of the indenture it is provided that if the defendant shall fail punctually to make with the trustee any deposit required by the terms of said indenture, and such failure shall continue for a period of ten days after written notice from the trustee, then the principal of all bonds secured by the indenture then outstanding, with interest to the date of actual payment, and all taxes due thereunder, shall, at the election of the trustee, become due and payable, and such election may be exercised by the trustee in its discretion, and that in case of its election the trustee may call the principal and interest of said bonds due, and institute proceedings in the court having jurisdiction to foreclose upon said indenture, either at law or in equity; that written demand has been made by the trustee upon the defendant for payment of the installments of principal and interest required to be deposited with the trustee on the first day of each month, and the defendant has failed and refused to make such deposit with the trustee; and that more than ten days have elapsed since the making of said demand.

There are other allegations in the petition, not now necessary to mention. Plaintiff prays that the indenture described in the petition be foreclosed in equity; that judgment be entered for the amount of principal, interest, costs, attorney's fees, expenses, disbursements, and other charges due plaintiff as such trustee; that the property conveyed by the indenture for the security of said bonds be sold for the satisfaction of the indebtedness evidenced by such judgment; that a receiver be appointed to take possession of, hold, and manage the property, with full power to continue the operation thereof in the manner in which it has been operated in the past, and to take any and all steps necessary or proper for the purpose of maintaining the property and insuring and preserving the same for the benefit of the bondholders secured thereby; that

pending the final hearing a temporary receiver be appointed to immediately take charge of said property to preserve it with the same powers as prayed for the permanent receiver; that the defendant be restrained from interfering with the possession of the receiver, and be required to deliver possession of the property with all the rents and profits thereof to such receiver; and for general relief. The defendant filed an answer in which certain of the allegations of the petition were admitted and others denied; but in most instances the allegations were neither admitted nor denied, "for want of sufficient information." The court referred the case to an auditor to hear and pass on all issues of law and fact and on demurrers, allow amendments and interventions, make parties, do all things necessary to decide all issues of law and fact, and make a report within twenty days after the date of the appointment. The order of appointment was passed without notice to defendant or its counsel and during their absence, in circumstances set forth in exceptions pendente lite taken by defendant, which assigned error thereon as contrary to law, on grounds set forth in its bill of exceptions. Among other grounds was a contention that the case was not one referable to an auditor, that it did not involve complicated facts, that the case was considered out of its proper order on the court docket, etc. The auditor conducted hearings, taking testimony, and within twenty days after his appointment filed with the court his report. He found in favor of the plaintiff on all items as prayed, and that the plaintiff should recover judgment for the amount of "principal, interest, costs, attorney's fees, taxes, expenses, disbursements, and other charges," and "that the property described in the said indenture for the security of said bonds be sold for the satisfaction of said judgment." Defendant filed exceptions to the auditor's report, and a motion to recommit the case.

The trial judge passed an order overruling all of the said exceptions to the auditor's report, except that he sustained exceptions of law 5 and 6, to the extent of not allowing a recovery of attorney's fees in addition to the principal and interest, and of not allowing the plaintiff "to recover any expenses, disbursements, and other charges." He overruled the motion to recommit the case to the auditor. Defendant excepted to each and all of these rulings. On the same date the judge passed an order sustaining the auditor's report otherwise than as to exceptions 5 and 6 above mentioned,

made the auditor's report the judgment of the court, and entered a decree of foreclosure for the collection of $925,000 principal, and $79,541.97 interest, besides $1,726.66 coupon interest, and additional items therein specified, and decreed a first and special lien on the property referred to, directed that the property be sold by the receiver; providing also for other incidental relief. To this order and decree the defendant excepted. Thereafter the judge heard an application of the plaintiff for an allowance of compensation, and an application of the receiver and its counsel for allowance of compensation, and the court passed an order allowing the plaintiff trustee $6,000 on account, and plaintiff's counsel $4,000 on account, and the receiver $6,000 on account, and receiver's counsel $4,000 on account. To the orders making said allowances the defendant excepted on the grounds set forth in its objections filed, and on the ground that the foreclosure decree had been improperly entered, and that the plaintiff had not legally made out its cause of action, and that said allowances were contrary to law. The plaintiff filed a cross-bill of exceptions on the ground that the judgment and decree denied to the plaintiff the right to recover attorney's fees in addition to the principal and interest, and denied the right to recover said expenses, disbursements, and other charges in addition to the principal and interest recovered.

■ To the judgment and decree of the court as set out in the foregoing statement of facts the plaintiff excepted on three grounds, as follows: " (a)  That plaintiff has not made out its case on the evidence, and has not shown that it is entitled to a recovery of any sum whatsoever, either on the law or the facts as introduced in evidence.  (b)  On the ground that the order was unseasonably entered, and could not lawfully be passed, in view of the prejudicial and material errors committed by the court in referring the case to an auditor, and in overruling defendant's exceptions to the auditor's report, and in overruling defendant's motion to recommit the case to the auditor.  (c)  And on the further ground that the said order is contrary to law and equity." We will take up and consider the second ground of exception first, as that seems to be the logical order in which it should be considered. It is insisted by plaintiff in error that there was no reason or ground for the appointment of an auditor, that the defendant was not present when the auditor was appointed, and that it had no notice of the inten-

tion to have an auditor appointed. In view of the record in this case, we think that the contention of the plaintiff in error in this respect is without merit. Whether an auditor shall be appointed is, as a general rule, in the discretion of the court; and unless there has been an abuse of such discretion, the appointment by the court of an auditor will not be disturbed. Under the facts in the record we think that the court did not abuse its discretion in appointing an auditor in this case. The Civil Code (1910), § 5127, provides that, "The duties heretofore performed by a master in the superior court shall be performed by an auditor; and in term time or vacation, upon application of either party, after notice to the opposite party, the judge of the superior court, in equitable proceedings if the case shall require it, may refer any part of the facts to an auditor to investigate and report the result to the court; provided, however, that said judge may, upon his own motion, when in his judgment the facts and circumstances of any such case require it, refer the same to an auditor. His report shall be prima facie the truth, either party having the liberty to except."

A motion was made to recommit the case to the auditor, on the ground that the report was vague and indefinite and did not contain findings upon which a final order, judgment, or decree of the court could be intelligently predicated, etc. We do not agree to this criticism of the auditor's report; nor do we think the court erred in refusing the motion to recommit the report.

Plaintiff in error complains that plaintiff in the court below did not make out its case on the evidence, and has not shown that it is entitled to a recovery of any sum either on the law or the facts as introduced in evidence. The defendant's answer as to many paragraphs of the petition is, that, "for want of sufficient information, defendant can neither admit nor deny the allegations." The general rule is that such an answer to an allegation of fact that is necessarily within the knowledge of the defendant is an admission of the fact alleged. Civil Code (1910), § 5637; *Southern Timber Co.* v. *Newport Land Co.*, 151 *Ga.* 150 (106 S. E. 103); *Raleigh & Gaston R. Co.* v. *Pullman Co.*, 122 *Ga.* 700 (50 S. E. 1008); *Southern Bell Tel. Co.* v. *Shamos*, 12 *Ga. App.* 463 (77 S. E. 312); *Jones* v. *Pope*, 7 *Ga. App.* 538 (67 S. E. 280); *Mayor &c. of Madison* v. *Bearden*, 22 *Ga. App.* 376 (96 S. E. 572); *McNamara* v. *Georgia Cotton Co.*, 10 *Ga. App.* 669 (73 S. E. 1092). But it

is insisted that the above rule does not apply here, because the defendant is a corporation. The rule was applied in the first two of the cases just cited, and in *Southern Life Ins. Co.* v. *Logan,* 9 *Ga. App.* 503 (71 S. E. 742) ; *Gaynor* v. *Travelers Ins. Co.,* 12 *Ga. App.* 601 (77 S. E. 1072). As illustrating the proposition that such an answer to an allegation of fact that is necessarily within the knowledge of the defendant is an admission of the fact alleged, we set out the substance of a few of the paragraphs of the petition, together with the answers thereto. For instance, paragraph 2 alleges that the defendant executed $950,000 of first-mortgage, seven per cent. serial gold bonds, and that $25,000 of these bonds have been paid, leaving outstanding $925,000 principal amount of these bonds, and that the defendant sold the bonds to purchasers for value. The defendant answered that for lack of sufficient information it could neither admit nor deny this allegation. Paragraph 3 alleges that the defendant executed an indenture conveying certain described real property to a trustee to secure the payment of the bonds, that a copy of this indenture is attached to the petition, and that it was recorded. The defendant answered that for lack of sufficient information it could neither admit nor deny the allegation. Paragraph 4 alleges that the Adair Realty & Trust Co. was the original trustee under the aforesaid indenture executed by the defendant, but that Adair Realty & Trust Co. had resigned and the Citizens & Southern Bank had been made trustee, and that the instrument making the appointment was duly recorded. The defendant answered that it had not sufficient information to answer this allegation and could neither admit nor deny it. Seven other paragraphs of the petition allege material facts that are answered as above set out. These allegations must of necessity have been known to the defendant; and under the foregoing rule the answer must amount to admissions that the facts alleged were true. Applying that rule, the defendant admits the following : that the defendant executed and sold to purchasers for value $950,000 of first-mortgage seven per cent. serial gold bonds, of which $925,000 are outstanding; that the defendant executed the indenture, copy of which is attached to the petition, to secure these bonds; that the indenture required the defendant to deposit with the trustee each month one twelfth of the principal and interest of the bonds that would mature during the current year; that the defendant failed to make these

deposits as to interest for the months of July, 1928, to January, 1929, inclusive, and as to the principal for the months of January, 1928, to January, 1929, inclusive; that the indenture provides that if the defendant's failure to make the deposits shall continue for a period of ten days after written notice from the trustee, then the principal of the outstanding bonds secured by the indenture, with interest, shall, at the election of the trustee, become due and payable, and upon making such election the trustee may institute proceedings to foreclose the indenture; that the trustee made written demand on the defendant that such deposits be made, and more than ten days had elapsed after the demand before suit was filed; that $27,500 of bonds that became due on January 1, 1929, and the semi-annual interest due the holder of the outstanding bond that became due on January 1, 1929, are past due and unpaid, and the defendant can not pay this principal and interest; that taxes for the year 1928, amounting to $18,000 or $20,000 are past due and unpaid, and failure to pay these taxes may cause the loss of the security; that the defendant owes other debts amounting to $10,000 or $12,000; that the income from the property is not sufficient to pay the cost of its operation and interest on the bonds, and the defendant has no other income with which to pay the cost of operation and interest; and that the defendant has still other debts, some of which are unsecured. These facts are necessarily within defendant's knowledge; and therefore the admitted facts entitled the plaintiff to a judgment for principal and interest. In addition to what is shown by the pleadings, there was in evidence before the auditor: a letter written by the defendant to the plaintiff, dated January 3, 1929, in which every material allegation of the petition is admitted; also a letter dated January 7, 1929, from the Citizens & Southern National Bank, as trustee under the indenture, to the defendant, making demand on the latter for the principal and interest of the bonds. At the bottom of this letter is an acknowledgment by the defendant of the receipt of the letter and the demand therein contained, which stated that it could not pay the principal and interest of the bonds, and admitted that the principal, interest, taxes, and other charges were due and payable. It will be observed that the judgment does not include any amount against the defendant except principal and interest, and also that the trustee's fees and receiver's fees and the attorney's fees that had been awarded

by the auditor could not be paid out of the recovery of principal and interest, and are not a charge against the defendant in addition to the principal and interest. The question of these items is raised by the cross-bill of exceptions. In the view we take of the admissions in the pleadings and in the evidence as contained in the record, we are of the opinion that the auditor was authorized to find in favor of the plaintiff for principal and interest, and that the court did not err in entering a decree making the finding of the auditor the judgment of the court as therein expressed.

■ There is no merit in the exception to the decree that the order of the court is contrary to law and equity.

■ In the cross-bill of exceptions error is assigned on so much of the order of the court as held that the plaintiff was not entitled to recover attorney's fees in addition to the principal and interest of the debt sued on, and that the plaintiff as trustee under the indenture was not entitled to recover "expenses, disbursements, and other charges due the plaintiff as such trustee." The indenture under which the plaintiff relies to sustain such a recovery provides that "The trustee shall be entitled to be reimbursed for all proper outlays of any nature by it incurred in the discharge of its trust, including reasonable counsel fees, and to receive reasonable and proper compensation for any service that it may at any time perform in the discharge of its duties occasioned by any default on the part of the company, and all such fees, commissions, compensation, and disbursements shall constitute a lien in its favor on the trust fund prior to the lien in favor of the bonds hereby secured." The following is a view of the majority of the court, as written by HINES, J., on the question whether the plaintiff was entitled to attorney's fees under the present state of the record: Section 4252 of the Civil Code of 1910 has no application under the facts of this case. That section has application to "obligations to pay attorney's fees upon any note, or other evidence of indebtedness, in addition to the rate of interest specified therein;" and such obligations are declared to be void unless the holder thereof notifies the defendant in writing, ten days before suit is brought thereon, of his intention to bring suit, and in such notice gives the term of the court to which the suit will be brought. That section has application solely to suits on notes or obligations wherein the makers agree to pay to the payees of such instruments, in addition to interest, attorney's fees

for the collection thereof. It applies to the ordinary relation of debtor and creditor, and to notes or other evidences of indebtedness given by the former to the latter for the payment of principal, interest and attorney's fees. In the instant case the owner of the property conveyed it to the trustee to secure an issue of bonds. The principal and interest of these bonds are not payable to the trustee. There is no obligation in them to pay principal, interest or attorney's fees to the trustee. The trustee holds the title to the property as security for the payment of these bonds, and obligates itself to discharge the duties of this trust. The trust deed provides that the trustee shall be entitled to reimbursement for all proper outlays of any nature which it incurred in the discharge of its trust, including reasonable counsel fees, and the trustee is entitled to receive reasonable and proper compensation for any service that it may at any time perform in the discharge of its duties, occasioned by any default on the part of the maker of the trust deed; and all fees, commissions, compensations and disbursements by the trustee, in discharge of these duties, are made a lien in its favor on the trust fund prior to the obligation in favor of the bonds thereby secured. Clearly the legislature, in enacting the statute now embraced in the above section of the Code, did not have in view such a transaction as this. The maker of the trust deed in this case imposed upon the trustee the duty of foreclosing the trust deed for the benefit of the bondholders whose bonds were thereby secured; and in the prosecution of such proceeding the trustee had to secure the services of attorneys and compensate them therefor. In *Central Railway Co.* v. *Central Trust Co.,* 135 *Ga.* 472 (69 S. E. 708), this court held that in the performance of this duty the trustee is entitled to necessary expenses connected with the prosecution of the action, including counsel fees. Such a case is entirely different from one where the maker of a note or other evidence of indebtedness agrees to pay to the payee therein attorney's fees in addition to the interest. The obligation of this trust deed to compensate the trustee for the performance of the duties imposed upon it does not fall within the category of this section. It therefore follows that the notice required to be given in this section is not a condition precedent to a recovery by the trustee of compensation for such services, including counsel fees.

*Judgment affirmed on the main bill of exceptions. All the Jus-*

652

*tices concur. Judgment reversed on the cross-bill of exceptions. All the Justices concur, except Hill, J., who dissents.*

HILL, J., dissenting from the ruling in division 4 of the decision. The order of the trial judge sustaining the exception No. 5 under the head of "exceptions of law," to the extent that it is held that the plaintiff is not entitled to recover any attorneys' fees in addition to the principal and interest of the debt, and in otherwise overruling exception No. 5, and in sustaining exception No. 6, and in holding that the plaintiff is not entitled to recover attorneys' fees in addition to the principal and interest of the debt, or to recover any expenses, disbursements, and other charges, on the ground that *there was no proof before the auditor* as to any expenses, disbursements, and other charges actually incurred by the plaintiff, and also in entering up judgment and decree for the plaintiff for the principal and interest only, were both made August 30, 1929. On that date, and at the time of the hearing before the auditor, there was no proof of any expenses, disbursements, and other charges actually incurred by the plaintiff, and there was no proof that any notice was given as to intention to sue for attorney's fees, or proof of the value thereof, before the auditor. It is insisted that there is in the record a judgment allowing attorney's fees and for services, etc., but these judgments are dated September 6, and September 7, 1929, respectively, and therefore those judgments were rendered after the judgment and decree of August 30, 1929, which is excepted to in the cross-bill of exceptions. On the record as made when the judge passed his order entering judgment for the plaintiff for *principal and interest only,* he was authorized and required to enter such judgment, and it was not error, on the record as then made, to refuse to allow attorneys' fees and compensation for services, at that time. What transpired *subsequently* is outside the record and was subsequent to the trial; and if the plaintiff, as alleged in the cross-bill, has a valid judgment for attorney's fees and compensation, as claimed, it has its remedy by enforcing the judgment in any court of competent jurisdiction. The plaintiff in error in the cross-bill of exceptions specifies as material to a clear understanding of the errors complained of, in addition to the record specified in the main bill of exceptions, only "exceptions pendente lite filed by the plaintiff in the court below in this case, and certified on August 30, 1929," prior to the judgment for attorney's fees. I think that the

court did not err, for any reason assigned either in the main bill of exceptions or the cross-bill, in rendering the judgment of which complaint is made. I can not see how the trial judge can be reversed for a judgment rendered subsequently to the one to which exception is taken. "Obligations to pay attorney's fees upon any note *or other evidence of indebtedness* [italics ours] in addition to the rate of interest specified therein, are void, and no court shall enforce such agreement to pay attorney's fees, unless the debtor shall fail to pay such debt on or before the return day of the court to which suit is brought for the collection of the same; provided, the holder of the obligation sued upon, his agent, or attorney, notifies the defendant in writing, ten days before suit is brought, of his intention to bring suit, and also the term of the court to which suit will be brought." Civil Code (1910), § 4252. The plaintiff in error in the cross-bill of exceptions cites *Central of Georgia Ry. Co.* v. *Central Trust Co.*, 135 *Ga.* 472 (supra), as controlling on the question of the right of plaintiff to collect attorney's fees, etc. In that case the trial court awarded to the trustee compensation for attorneys and expenses, and this was assigned as error. In the opinion of this court it was stated that it was contended that the trustee was entitled to these items as compensation for its services rendered in the execution of its trust; and it was further stated that the trustee was merely carrying out its duties as trustee in the enforcement of the trust, and was entitled to compensation for its services in performing such duties, and that the trustee as a corporation "necessarily could not discharge this duty except by counsel skilled in the law," and in the conduct of the litigation it might become necessary to employ the services of experts; and accordingly this court affirmed the judgment in favor of the trustees for these items. It is stated in the brief of learned counsel for the defendant in error that that case is substantially identical with the case now before the Supreme Court, and is controlling in favor of a reversal of the judgment of the court below in so far as it denied to the trustee compensation, attorney's fees and expenses. But it will be seen by reading that decision that no question was raised that the ten days notice, required by § 4252, was not given in that case. The question is distinctly raised in the present case, and therefore it is distinguishable from the case above cited. That case is distinguishable in other respects from the case at bar. In the instant

case the question is raised that the ten days notice was not given as required by the statute; and inasmuch as there was no notice given of an intention to sue, or to what term of court suit would be brought, and because there is no proof in the record of any disbursements or expenses, or the amounts thereof, the court did not err in sustaining the specified exceptions to the auditor's report on this ground, and in not entering a decree for the recovery of the same. *Moultrie Banking Co.* v. *Mobley*, 170 *Ga.* 402 (152 S. E. 903). See *Jones* v. *Rountree*, 11 *Ga. App.* 181 (74 S. E. 1096).