## HORTON *v.* WILKERSON.

BELL, Justice. 1. In an action for land, where both parties claim under a common grantor, it is not necessary to show title in such common grantor. Code, § 33-101; *Corker* v. *Stafford,* 125 *Ga.* 428 (2) (54 S. E. 92); *Walker* v. *Steffes,* 139 *Ga.* 520 (77 S. E. 580); *Moore* v. *Daugherty,* 146 *Ga.* 176 (91 S. E. 14).

2. Where the petition alleged that the plaintiff and the defendant claimed the land in suit under a named common grantor, and the defendant answered that for want of sufficient information she could neither admit nor deny this averment, the answer was evasive, and the averment was to be taken as true. Code, § 81-308; *Southern Timber Co.* v. *Newport Land Co.,* 151 *Ga.* 150 (2) (106 S. E. 103).

3. Under the foregoing construction of the pleadings, the decisions in *Beck* v. *Bower,* 68 *Ga.* 738 (2), *McConnell* v. *Cherokee Mining Co.,* 114 *Ga.* 84 (39 S. E. 941), and others of similar import, regarding burden of proof, are inapplicable.

4. Where the description in the recorded deed under which the plaintiff

claimed included the words "being parts of lots 110 and 111 in the Printup City Addition," and there was testimony applying the description to the subject-matter, the deed and such oral evidence both having been admitted without objection, the verdict in the plaintiff's favor was not unauthorized so as to require a new trial on the general grounds, merely because a plat of the "Printup City Addition" was not also introduced in evidence. *Rome Hotel Co.* v. *Warlick*, 87 *Ga.* 34 (2) (13 S. E. 116); *Western Union Telegraph Co.* v. *Lindley*, 89 *Ga.* 484 (15 S. E. 636); *Wheelwright* v. *Aiken*, 92 *Ga.* 394 (3) (17 S. E. 610); *Swanson* v. *Mobley*, 33 *Ga. App.* 791 (127 S. E. 806); *Commercial Credit Co.* v. *Lewis*, 59 *Ga. App.* 144 (5) (200 S. E. 566). While the ground of the motion raising this question was added by amendment, it was still a mere amplification of the general grounds.

5. The evidence showing that the plaintiff had title to the land in controversy and that the defendant had no title or right concerning it, the verdict was not unauthorized, or contrary to law because it was not limited to the part of the land of which the defendant was shown to be in possession. Code, §§ 24-3322, 33-111; *Snipes* v. *Parker*, 98 *Ga.* 522 (25 S. E. 580); *Equitable Building & Loan Association* v. *Holloway*, 114 *Ga.* 780 (3) (40 S. E. 742). The statement in *Horn* v. *Towson*, 163 *Ga.* 37 (4) (135 S. E. 487), to the effect that the consent rule, referred to in the foregoing sections, applies only to an action in the fictitious form, was evidently an inadvertence, and was obiter in so far as it may have excluded a statutory action of complaint for land, since the action there was in equity.

6. The court did not err in overruling the defendant's motion for new trial.

*Judgment affirmed. All the Justices concur.*

No. 13770. JULY 8, 1941.

*Wright & Willingham,* for plaintiff in error.
*Alec Harris,* contra.