31279. EADES, administrator, *v.* WHEELER.

Decided September 10, 1946. Rehearing denied October 3, 1946.

*Sam S. Harben, Joe K. Telford,* for plaintiff in error.
*H. T. Oliver, H. T. Oliver Jr.,* contra.

GARDNER, J. The amended motion for a new trial we think is but an enlargement of the general grounds. The amendment specifically alleges: (a) that the court erred in directing the verdict, when the evidence did not demand it; (b) that there was no evidence that the deceased sheriff did not require of Westbrook the bond required in the trover action; (c) because the testimony of the deputy sheriff showed that he had arrested Westbrook and carried him to the county jail and left him in the custody of the jailor. We will accordingly deal with the general and special grounds together. The first contention argued by counsel for the defendant is that, since all officers are presumed to perform their duty, this presumption was not overcome by the evidence introduced by the plaintiff (*Beckham* v. *Gallemore,* 147 *Ga.* 323, 93 S. E. 884); and further that the plaintiff did not successfully carry the burden under the Code, § 38-103. In the second place counsel for the defendant contend that, since the defendant in his answer stated that for want of sufficient information he could neither admit nor deny the material allegations of the plaintiff's petition, this answer placed the burden of proof as to these allegations on the plaintiff, and the evidence introduced by the plaintiff shows that he failed to carry such burden. Under the facts of this case, we feel assured that this principle of law is inapplicable. It must be kept in mind that the administrator, so far as this suit is concerned, stood in the shoes of the deceased sheriff. This being true, certainly the sheriff would know, from the jail book and the other records kept by the sheriff, whether the car had been seized, or whether or not an eventual condemnation-money bond had been taken for it, or whether Westbrook, the defendant in the trover action, had been placed in jail, upon failure to give the bond or produce the property. Where a defendant states that he can not for want of sufficient information either admit or deny the allegations of a petition, which allegations of fact are peculiarly and necessarily within his knowledge, such answer is an admission of the facts alleged. *Ten-Fifty Ponce de Leon Co.* v. *Citizens & So. Nat. Bank,* 170 *Ga.* 642 (153 S. E. 751). See also *Southern Bell Telephone &c. Co.* v. *Shamos,* 12 *Ga. App.* 463 (3) (77 S. E. 312). In the light of these authorities and under the facts of this case, it would seem clear that this contention of the defendant is untenable.

Title 107-2 of the Code deals with bail and actions for personalty.

Section 107-203 provides: "When such affidavit shall be made during the pendency of such suit or action, a copy thereof and of the process shall be served in like manner by the sheriff or other lawful officer, and security taken as required in the preceding section; and upon defendant failing to give such security, whether the affidavit shall be made at the commencement of the suit or pending the same, the property shall be seized and taken by the sheriff or other lawful officer and delivered over to the plaintiff or complainant, his agent or attorney, upon his entering into like recognizance with security; and if such property is not to be found and can not be seized and taken by such sheriff or other lawful officer, the defendant shall be committed to jail, to be kept in safe and close custody until the said personal property shall be produced or until he shall enter into bond with good security for the eventual condemnation money." It will be observed that when the proceedings are placed in the hands of the sheriff, the law requires: "if such property is not to be found and can not be seized and taken by such sheriff or other lawful officer, the defendant shall be committed to jail, to be kept in safe and close custody until the said personal property shall be produced or until he shall enter into bond with good security for the eventual condemnation money." From all the evidence, it would seem that the sheriff and his deputies did not in any way comply with the obligations which the law requires in bail-trover actions. Even if the deputy sheriff did, as he testified, arrest Westbrook and carry him to the Hall County jail and place him in the custody of the jailor, such would not have been a full compliance with the obligations of the sheriff in such proceedings. Even if Westbrook had been confined in a cell, the sheriff and his deputies had no authority to end the matter there. The Code, § 107-205, provides the only means by which a defendant in a bail-trover action can be released from jail upon his failure to produce the property or to give an eventual condemnation-money bond. This last section provides that, in an action for the recovery of personal property where bail is required and the defendant by reason of his inability to give security is held prisoner, he may file a petition under oath to the judge of the court in which the suit is pending; and in the petition he shall state that he is able neither to give the security required nor to produce the property, and can furnish satisfactory reasons for its non-production, etc. Upon a hearing

the court must be satisfied that the reasons given are satisfactory, otherwise the court will recommit him. So, therefore, it would seem from the record in this case that the sheriff and his deputies treated the action as an ordinary trover action under the Code, § 107-1. We call attention to *Snell* v. *Mayo, 62 Ga.* 744, where the question was analogous to the one now before us.

The court did not err in overruling the motion for a new trial for any of the reasons assigned.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*