18378. PHYSIOC *v.* BEAVERS *et al.*

DUCKWORTH, Chief Justice. 1. "No party shall be permitted to defend an ejectment cause, or an action of complaint for land who does not admit that he was in possession of the premises in dispute at the commencement of the action." Code § 24-3322; Code, Ann. Supp., § 24-3344. See also *Snipes* v. *Parker*, 98 *Ga.* 522 (25 S. E. 580); *Equitable Building & Loan Assn.* v. *Holloway*, 114 *Ga.* 780 (40 S. E. 742); *Horton* v. *Wilkerson*, 192 *Ga.* 508 (16 S. E. 2d 8).

2. While the defendants in their pleas and answers deny paragraph 5 of the petition, which alleges the entry and possession of the defendant, Mrs. A. B. Salter, on the basis that when more than one fact is alleged in a single paragraph of a petition and one of the facts therein is deniable, the entire paragraph may be denied, the plea and answer, as amended, of Mrs. Salter, nevertheless, does state that she is the wife of A. B. Salter, deceased, and that he and his heirs at law have been in possession of the property in question for more than forty years, and this is sufficient to admit possession, since, under Code § 113-903, the wife is construed to be an heir of her husband. See *Scranton-Lackawanna Trust Co.* v. *Bruen,* 206 *Ga.* 872 (59 S. E. 2d 397); *Moore* v. *Moore,* 126 *Ga.* 735 (55 S. E. 950). The grounds of the motion to arrest the judgment and to set aside the verdict are without merit, and the court did not err in sustaining the general demurrer thereto.

3. Several of the grounds of the demurrer to the plea and answer of Mrs. A. B. Salter are to certain paragraphs therein, setting up a former judgment obtained by her husband against the plaintiff as a bar to this suit, and these contend that no privity of the parties is alleged or that the defendant was a party to that suit. However, the plea and answer, as shown above, alleges that the defendant is the wife of A. B. Salter, deceased, who obtained the judgment against the plaintiff, and this is sufficient to show privity between them, since the widow is an heir of her husband. See *Georgia Railroad &c. Co.* v. *Fitzgerald,* 108 *Ga.* 507 (34 S. E. 316); *Southern Bell Telephone &c. Co.* v. *Cassin,* 111 *Ga.* 575, 590 (36 S. E. 881). Under Code (Ann. Supp.) § 113-901 (Ga. L. 1943, pp. 236, 237), title to realty vests immediately in the deceased owner's heirs at law, if the estate survives him, subject to be administered by the legal representative, if there is one, for the payment of debts, purposes of distribution or other purposes provided for in Title 113. The allegations here were sufficient to put the plaintiff on notice of the defense intended, which could be countered by evidence of administration of the property for the payment of debts, distribution, or other purposes therein provided in Title 113 of the Code.

4. Another ground of the demurrer, claiming that the defendant, Mrs. Salter, is pursuing inconsistent defenses, is without merit, since she alleged, by amendment, her interest under a certain deed, but previously denied the allegation by the plaintiff that she claimed under that deed on the same basis as that shown in headnote (2) above, by denying the entire paragraph of the petition, since more than one fact was therein alleged. See also Code § 81-310.

5. Nor is the last sentence of the plea and answer of Mrs. Salter subject to demurrer on the ground that it is a mere conclusion of the pleader, wherein she alleges that the property has been definitely defined and in possession of her husband and his heirs at law for more than forty years, such matters being a question of proof on the trial and not a conclusion of the pleader. For all the reasons stated, the court did not err in overruling the demurrer to the plea and answer of Mrs. Salter.

*Judgment affirmed. All the Justices concur.*

SUBMITTED OCTOBER 13, 1953—DECIDED NOVEMBER 9, 1953—
REHEARING DENIED NOVEMBER 25, 1953.

248

*R. L. Maynard, Davis & Friedin, Charles Burgamy,* for plaintiff in error.

*Fort & Fort,* contra.

Mrs. Otis M. Physioc (the plaintiff in error) brought an action in ejectment against Mrs. A. B. Salter, Mrs. L. B. Williams, and F. G. Beavers (the defendants in error) alleging that Mrs. A. B. Salter has entered upon her premises and is depriving her of the use and possession thereof, and that the other two defendants hold a pretended encumbrance in the form of a deed to secure debt to the property under Mrs. Salter. The defendants, in their pleas and answers, denied the allegations in the petition as to possession, and Mrs. A. B. Salter set up a former adjudication between the plaintiff and her deceased husband as a plea in bar, and by amendment stated that her husband and his heirs at law have been in possession of the property for more than forty years. A demurrer, filed to her plea and answer as amended, was overruled, and the plaintiff excepted pendente lite. Thereafter, the parties, by consent, submitted the case to the judge without the intervention of a jury, and after hearing evidence he rendered a verdict and judgment for the defendants. A motion in arrest of judgment and to set aside the verdict was filed and later amended, which in substance alleged that the defendants, in denying possession of the premises, should not have been permitted to defend the ejectment cause and a valid judgment should not have been rendered in their favor. The court sustained a general demurrer to this amended motion, and error is assigned here on this judgment and on the exception pendente lite filed previously.