### Wheelwright & Company v. Aiken.

1. An allegation in a motion for a new trial that the court erred in admitting evidence, without distinctly stating what the evidence was, and without stating what, if any, objection was made to its admission, does not properly present any question for adjudication by the Supreme Court.
2. The charge complained of in relation to the impeachment of a witness and the manner in which an impeached witness may be sustained being correct, it is no cause for a new trial that it failed to state certain particular rules on the subject of impeachment. If more specific instructions were desired, they should have been requested.
3. Generally, parol negotiations and stipulations preceding the making of a written contract are merged in the writing. If the writing is ambiguous, it may be explained by parol evidence, and even when not so, the admission of such parol evidence without objection affords no cause for a new trial.
4. The verdict is not entirely satisfactory, but being sustained by the evidence of the plaintiff, and having been approved by the trial judge, this court will not set it aside. *Judgment affirmed.*

   April 3, 1893. By two Justices. Argued at the last term.

Action for damages. Before Judge Sweat. Glynn superior court. May term, 1892.

Aiken sued Wheelwright & Company for breach of contract, and for certain expenses alleged to have been incurred by the plaintiff at the request of the defendants. The jury found for the plaintiff, and defendants' motion for a new trial was overruled. The evidence is directly conflicting. The plaintiff's contention is, that in December, 1888, he being engaged in business as a commission merchant and in handling lumber, etc., on commission, the defendants retained and engaged him to handle and superintend the loading and shipping of all their lumber to be shipped from the port of Brunswick, for twelve months, unless the agreement was sooner dissolved by mutual consent after ten million superficial feet should be so received and shipped; that while no particular time was specified during which the agree-

ment should continue after twelve months, and it might be ended at any time during the twelve months ending December, 1889, yet it was distinctly understood and agreed that the defendants should ship from said port, and plaintiff should handle and superintend the shipments, to the full extent of ten million superficial feet, and at any rate not under that, and that the agreement should not be determined at all but should continue until ten million feet had been so shipped, he to bear all expenses of handling, etc., for which outlay and expense, and for his own time and labor, they were to pay him ninety cents per thousand feet; that he was to receive no absolute and unconditional pay for services, but his wages and remuneration were conditional and were to be whatever profit he could make between said ninety cents and the actual cost at which he could perform the work; that the contract was in parol; and that about March 25, 1889, when it had been partly performed, and when he had shipped 1,074,320 superficial feet of lumber for defendants according to the terms of the contract, the defendants without cause refused to let him ship more lumber, took the business from him and put it into the hands of other persons who undertook to do it for less money. The defendants contend that they did not make the contract for any express length of time. They admit that for a short while in 1889 the plaintiff did act as their agent at the rate of compensation alleged by him, but insist that he voluntarily, and without fault or cause on their part, abandoned the employment, and that for his services previously rendered they paid him.

In evidence appeared a letter from the defendants to the plaintiff dated December 21st, 1888, stating: "We beg to confirm arrangements made with you, under which you are to handle at Brunswick, Ga., such lumber as we may get from the mill on the cars to go over the duBignon dock, at 90c. per M feet, including all charges

of handling, inspection and delivery to vessel. The arrangement to continue as long as mutually desirable. Will you please confirm this if in order." Also, a letter from plaintiff to defendants, dated January 2d, 1889, viz: "Arrangement between us I confirm as I understand it, as follows: I am to have all of your lumber shipping from this port, to receive and have placed cars, pay freight (by sight draft on you), have inspected, care for and see that all lumber is properly handled until delivered to vessel, and clear them as you may direct; for which you are to pay me 90c. per superficial feet on all that goes over the duBignon wharf, and when compelled, to make other arrangements for wharfage, and to be allowed whatever extra expense is incurred. Painting sign, books, stationery and telegrams, chargeable to you; and should I be called to go on the R. R. looking up lumber or to attend to any of your business, I am to be paid extra for it and my expenses. This, as you say, to continue as long as mutually desirable, subject to reasonable notice." The plaintiff testified: "I will state what this letter written by me on the 2d of January, 1889, referred to. When Mr. Wheelwright came to Brunswick, my contract was that he would give me ten million feet of lumber if I would fix duBignon's wharf to handle it on. He promised to write me in reference to the contract after he returned to New York. I asked Wheelwright to write me a contract. He never wrote me a contract. He wrote me a letter with that quotation in it. I wrote back with that quotation in my letter. It had reference to cancelling our contract at any time after I had got ten million feet to handle." From the plaintiff's testimony elsewhere it appears that the original parol contract as claimed by him was made with one Borden, an agent of the defendants.

One of the grounds of the motion for a new trial is, that "the court erred in admitting the testimony of F. D.

Aiken, the plaintiff in said case, to explain and add to the written statement made by him in his letter of date Jan. 2d, 1889, and put in evidence by defendants upon the trial of said case, and to be found in the brief of evidence filed with this motion, and which said illegal testimony of said plaintiff is in like manner set out in said brief of evidence." In another ground error is assigned upon the refusal of the court to charge thus: "In the absence of satisfactory proof to the contrary explaining the written contract, a written contract made after the verbal contract merges the verbal contract into the written contract."

The court charged the jury, " that a witness may bè impeached by proof of bad character, and may be sustained by proof of good character. The court charges you that, upon this question of impeachment, it is a matter with you entirely to determine as to how far the impeachment has been successful, and that the extent to which the impeachment has gone is a matter for you to determine, and that will go to the credibility of the witnesses, and as to what weight, if any under the impeachment, you are to give to the testimony of said witnesses. It is a matter entirely with you to determine these questions." This charge is assigned as error, in that it is incomplete and vague, and not sufficiently clear for a proper understanding by the jury. Other grounds assign error upon the refusal of the court to charge certain propositions as requested, touching the impeachment of witnesses, the sustaining and corroboration of impeached witnesses, and the merging of the parol contract into writing. As to these grounds the court makes this statement: "At no time during the delivery of the charge nor afterwards was any request, either written or oral, made to the court to charge the jury as in said grounds stated, nor was the attention of the court otherwise called thereto at that time. If during

the progress of the argument before the jury such request was made, the court does not remember."

The motion further alleges, that the court erred in not charging the jury the law applicable to the case, and the issues made therein, fully and completely; and that the verdict is contrary to law and evidence.

CROVATT & WHITFIELD and HARRISON & PEEPLES, for plaintiff in error. SYMMES & BENNET, H. F. DUNWOODY and J. H. LUMPKIN, *contra.*