## WIGGINS v. TUMLIN.

SIMMONS, C. J.—1. Where the owner of personal property delivered the same to another on trial and for use, with the understanding that if the property suited the latter, the parties would close a trade for the sale thereof and that papers for this purpose should then be executed, there being no limit as to the length of time during which the property might be kept on trial, and no binding obligation to purchase upon the party receiving it, this was a mere bailment of the property and not a sale; and if afterwards the party so receiving the property decided to purchase it, and accordingly executed a note for the purchase money secured by mortgage, the title did not pass to the purchaser until the contract of sale was thus made and completed.

2. The lien of a mortgage on personalty given contemporaneously with the sale thereof to secure the purchase money, is of superior dignity to that of a judgment rendered against the mortgagor prior to the purchase and the giving of the mortgage for the purpose stated; and if after the maturity of the purchase money debt thus secured, the mortgagor, without requiring a foreclosure of the mortgage, in good faith and without fraud of any kind, returns the mortgaged property to his creditor in satisfaction of the mortgage debt, the fair value of the property not then being greater in amount than the purchase money thus paid, the property in question is not, either in the hands of the mortgagee or of his subsequent vendee, subject to an execution founded on the judgment above mentioned.     *Judgment reversed.*

April 1, 1895. By two Justices. Brought forward from the last term.

*Certiorari.* Before Judge HENRY. Floyd superior court. September term, 1894.

Copeland rented land for 1892 to Shannon, who agreed to furnish his own stock. At the same time (December, 1891) Copeland delivered to Shannon a wagon and two mules, with the understanding that if the mules suited Shannon they would close a trade for them at an agreed price, and would then execute papers reserving title in Copeland until payment. In May, 1892, Shannon executed to Copeland his note and mortgage due in the next December, to secure the payment of $307.45, which included the price of the mules and wagon, and a lot of corn, fodder and harness. Shannon used the mules

and wagon during the ensuing farming season; and in the fall of the year it was agreed between him and Copeland, that as he could not pay the note and mortgage, he should return the mules, wagon and harness to Copeland, who should pay for feeding the mules during the year, and take a certain interest in the crop. This was carried out. Shannon gave in and paid taxes on the property in that year, but Copeland repaid him afterwards. The mortgage covered the mules, wagon and harness and certain crops, and was recorded in the month it was executed. It made no mention of a reservation of title. After the property was returned to Copeland, he sold the mules to Wiggins. On January 28, 1893, an execution in favor of Tumlin against Shannon, from a judgment of August 17, 1888, was levied on the mules, and Wiggins interposed his claim. The property was found not subject. In petition for *certiorari* plaintiff alleged that this verdict was contrary to law and evidence. The *certiorari* was sustained, and final judgment rendered, that the sale under the levy proceed.

C. N. FEATHERSTON and J. GLENN, for plaintiff in error. HOSKINSON & HARRIS, *contra.*