1045, 1046.    HOWARD *v.* RUMBLE, and *vice versa.*

1. No particular formality is essential to the creation of a mortgage. A writing indicating an intention to create a lien, and specifying the debt to be secured and the particular property upon which the lien is to take effect, is a mortgage. Where the seller of a horse, to secure the payment of a note given for the purchase-price, takes a mortgage on it and on other property, and subsequently the horse is taken back by the seller by request of the buyer, and the mortgage is credited with the sum to be allowed under the agreement, and still later the buyer reconsiders and decides to keep the horse, and the credit on the mortgage is erased and the buyer writes and signs an entry upon the mortgage, agreeing that the paper shall have all the efficacy originally possessed by it, the effect of the transaction is to create a mortgage. As to the horse it is a purchase-money mortgage, and superior in rank of lien to a prior judgment against the buyer.

2. In such a case the lien of the judgment, being older in date, is superior in rank to that of the mortgage, as to the other property included; and, in the absence of some special equity controlling the case contrawise, is entitled to claim the proceeds of the sale of that property under the mortgage foreclosure.

Money rule, from city court of Forsyth—Judge Clark. January 28, 1908.

Argued April 22,—Decided May 7, 1908.

*O. T. Lester, C. J. Lester, Persons & Persons,* for plaintiff in error.

*B. H. Mann, Bloodworth & Bloodworth,* contra.

PowELL, J. This is a contest by money rule between Howard and Rumble, over the proceeds of a horse and mule sold by the sheriff under a mortgage foreclosure in favor of Howard against a common debtor of his and Rumble's. Rumble had a common-law fi. fa. issued and recorded in 1901. On February 28, 1905, Howard sold to the defendant in fi. fa. the horse referred to, and, to secure the purchase-money represented in a note for $125, took a mortgage on it and on the mule. In the mortgage was a provision: "If said horse is returned in good fix every way, fat and without blemish, at maturity of note, with $25 additional, then this note will be surrendered to the party making the same." In March, 1906, after the maturity of the debt, the purchaser returned the horse, and by mutual consent this entry was made on the mortgage: "Credit this note on return of horse with $100." The next day the purchaser came back and said he could not get along without the horse, and he took it again, and the entry just referred to was

erased and the following, signed by the purchaser, was substituted: "S. M. Howard turns the horse back to me, and I agree that this note stands as appears in face, and above erasure is in effect." At the hearing the court awarded the proceeds of the horse to Rumble, the holder of the fi. fa., and the proceeds of the mule to Howard, the holder of the mortgage. To so much of the judgment as awards the proceeds of the horse to Rumble, Howard excepts in the main bill.

1. The only fair interpretation to be given to the conduct of Howard and the purchaser of the horse in March, 1906, is that they either considered time as not being of essence in respect to the date by which the option to return the horse should be exercised, or that the seller waived his right to insist upon punctuality, and that the rescission contemplated in the original contract was effected. What effect then is to be given to the transaction which occurred the next day? This should be, as far as may be, in accordance with the intention of the parties. It is plain from what took place that they did not intend that there should be a resale of the horse on open account, but intended that Howard should hold the same debt and the same security he had held before. As between the parties no particular form is essential to the creation of a mortgage. If the writing relied on indicates an intention to create a lien, and specifies the debt to be secured and the property on which the lien is to take effect, it is for all immediate intents and purposes a mortgage. Civil Code, §2724. There is no difficulty in ascertaining all these elements from the writing which was executed on the redelivery of the horse; therefore, in this novation Howard still retained a purchase-money mortgage on the horse and an ordinary mortgage on the mule. The transaction gave Rumble the right to have his debt paid out of the proceeds of the sale of the horse, in preference to the lien of any prior common-law judgment. *Scott* v. *Warren,* 21 *Ga.* 408; *Rasin* v. *Swann,* 79 *Ga.* 703 (4 S. E. 882). Rumble's fi. fa. representing a pre-existing debt, no injury accrued to him from the transaction or from any failure to record the novation. Compare *Conder* v. *Holleman,* 71 *Ga.* 93. The proceeds of the horse should have gone to Howard.

2. To so much of the judgment as awards the proceeds of the mule to Howard, Rumble excepts in a cross-bill. It appears that

during the period in which Rumble was in possession of this fi. fa., he sold the common debtor goods on open account, and from time to time took payments in property, which he, in the absence of express direction, credited on the account, leaving the fi. fa. unsatisfied. Howard's rights, as we have shown, date from the novation in 1906. If Rumble had had actual or constructive notice of this mortgage, it is possible that some principle of equity might have required him to appropriate the payments received from the common debtor to the satisfaction of his lien. See *Cofer* v. *Benson,* 92 *Ga.* 793 (19 S. E. 56). No decision as to this is necessary; for it is not shown that Rumble had any notice, actual or constructive, of this transaction between Howard and the debtor. His judgment lien on the mule was superior in time to the mortgage lien, and therefore prima facie superior in rank. He was, therefore, entitled to the money arising from that source, unless he was, through equitable principle, relegated from this fund to some other. Howard asks the application of the doctrine announced in the Civil Code, §2691, that a creditor having a lien on two funds of the debtor, equally accessible to him, will be compelled to pursue the one on which other creditors have no lien. Under the proof, this was not a case for the application of this doctrine. The court should have awarded the proceeds from the sale of the mule to Rumble's judgment. In the light of what we have said above, the objections urged against the introduction of the Howard mortgage in evidence, and made special grounds of exception in the cross-bill, are not meritorious, but the chief exception is meritorious.

*Judgment reversed on both bills of exceptions.*