### 2102. LUKE v. CASON, sheriff.

1. Where personal property is sold on credit, and simultaneously therewith the purchaser executes to the seller a mortgage on the property to secure the indebtedness so created, the lien of the purchase-money

mortgage is superior to antecedent common-law judgments against the purchaser.

2. Parol evidence is admissible to show that the mortgage is in fact a purchase-money mortgage, within the purview of the principle stated above, although the instrument itself contains no recital as to its being a purchase-money mortgage.

3. The rank of the seller's lien mentioned in the foregoing headnote is not affected by the fact that, at the time of taking the mortgage on the property, he also took personal security for the debt.

Money rule; from city court of Ashburn—Judge Hawkins. July 19, 1909.

Argued December 2,—Decided December 10, 1909.

*J. B. Hutcheson,* for plaintiff in error.    *J. H. Pate,* contra.

POWELL, J. This was a rule to distribute money. Luke had caused certain personal property to be levied on and sold under foreclosure of a mortgage thereon. The holders of certain older, common-law fi. fas. intervened and claimed the money, and the court awarded it to them. The case turned on the point that while it appeared by additional and oral testimony that Luke had sold the property to the mortgagor and had simultaneously taken his mortgage for the debt, yet the mortgage itself did not recite these facts or otherwise show that it was given for the purchase-money. The trial court also attached importance to the fact that a third person had signed the mortgage as security. We think that Luke's mortgage was entitled to the money, as against the older fi. fas. against the mortgagor.

In certain cases falling within particular statutes (as where an attempt is made to subject property set aside for year's support) it is necessary that the purchase-money mortgage on personalty should recite its character as such; but it will be found to be true in other cases that the ordinary rule is that parol evidence is admissible to show the facts essential to the creation of the special equitable lien accorded to purchase-money mortgages; and when these facts are made to appear and the court becomes informed of the special, equitable character of the defendant's debt as against the particular property, it gives it preference over the liens which otherwise would outrank it. *Scott* v. *Warren,* 21 *Ga.* 408; *Rasin* v. *Swann,* 79 *Ga.* 703 (4 S. E. 882) ; *Achey* v. *Coleman,* 92 *Ga.* 745 (19 S. E. 710) ; *Courson* v. *Walker,* 94 *Ga.* 175 (21 S. E. 287) ; *Wiggins* v. *Tumlin,* 96 *Ga.* 753 (23 S. E. 75) ; *Howard* v. *Rumble,* 4 *Ga. App.* 327 (61 S. E. 297).

The fact that the mortgagor took personal security for his debt makes no difference. In the early days in this State, when there was a vendor's lien against land (i. e. a lien arising merely by the fact of the sale of the land on credit, and without the reservation of any definite lien), it was held that where the vendor took personal security for his debt, there was a presumption that he intended to waive his lien, but that it was prima facie only, and that he could make the contrary appear by parol evidence or by circumstances. See *Sanders* v. *McAffee,* 41 *Ga.* 685. If the rule of evidence announced in the case just cited (that there would be a presumption of intention to waive a lien on the property by taking personal security, as between vendor and vendee) was applicable to transactions of the nature of the one before us, there is no room in the present case for the inference that the seller intended to relinquish his lien upon the property; for by the mortgage he expressly reserved that lien, though he did not in terms expressly indicate the degree and rank of the lien he was reserving. The very reasons of equity which allow the seller of the property to retain a lien superior to older judgments should apply in favor of the surety, who is a contemporaneous party to the transaction between the seller and the buyer, and who, by lending his credit to the buyer, enabled him to get possession of the property. The reason why the holder of the old judgments is postponed is that the purchase-money transaction does not withdraw from the lien of his fi. fa. any property of the defendant in fi. fa., but, on the contrary, puts additional property in a position where, if the buyer of it pays the purchase-money, the judgment creditor will have additional property out of which to satisfy his judgment.

*Judgment reversed.*