7361.  SUPREME LODGE OF THE MASONS' ANNUITY *v.* GARDNER.

BROYLES, J.  1. The only assignment of error in the bill of exceptions is upon the overruling of the motion for a new trial. The ground of the motion which complains of the overruling of a motion to strike certain paragraphs of the plaintiff's petition can not be considered by this court. This was matter for direct exception, and could not properly be made a ground of a motion for a new trial.

2. There was no error in the admission of the evidence complained of in the 2d special ground of the motion for a new trial.

3. No material error appears in any of the instructions excepted to, when they are considered in connection with the other instructions to the jury.

4. The plaintiff testified that his written contract with the defendant, dated July 7, 1913, as to his doing preliminary work in the State of Georgia, expired by limitation on November 1st following, and that on the last-named date a new contract between him and the defendant, as to work in the State of Oklahoma, went into effect; that this latter contract was at first by parol, but was afterwards confirmed in writing by both parties (and these writings were introduced in evidence upon the trial). The plaintiff further testified that under the new contract he was to be sent as an "organizer" for the defendant to the State of Oklahoma, at a certain compensation, and that if the defendant found that it could not "open up" that State for its business, it would make an attempt to "open up" either the State of Arkansas or Tennessee. The undisputed evidence was that the defendant did attempt to enter Oklahoma with its business, but that it failed to do so. There was evidence, however, from the plaintiff that thereafter the defendant made no attempt (although specifically called upon to do so by the plaintiff) to "open up" either

of the other two named States in compliance with the terms of their contract. This evidence authorized a finding that the contract had been wrongfully breached by the defendant. The question as to whether any or all of the above parol testimony was inadmissible, for the reason that it varied the terms of the plain, unambiguous written contract between the parties, was not raised upon the trial of the case, and consequently can not be considered here. There was some evidence which authorized the amount of the verdict returned, and, it having been approved by the trial judge, this court has no authority to interfere.

      *Judgment affirmed. Hodges, J., absent.*

    DECIDED DECEMBER 8, 1916.

Action on contract; from city court of Atlanta—Judge Reid. February 14, 1916.

 *Napier, Wright & Wood,* for plaintiff in error.

 *T. B. Felder, Owens Johnson, L. J. Grossman,* contra.

*Judgment affirmed. Hodges, J., absent.*