### 15883. SWANSON, agent, etc., v. MOBLEY, agent, etc.

JENKINS, P. J. 1. "Generally, parol negotiations and stipulations preceding the making of a written contract are merged in the writing. If the writing is ambiguous, it may be explained by parol evidence, and even when not so, the admission of such parol evidence without objection affords no cause for a new trial." *Wheelwright* v. *Aiken*, 92 *Ga.* 394 (3) (17 S. E. 610); *Rome Hotel Co.* v. *Warlick*, 87 *Ga.* 34 (2), 42 (13 S. E. 116); *Goodwyn* v. *Goodwyn*, 20 *Ga.* 600 (10); *Supreme Lodge* v. *Gardner*, 19 *Ga. App.* 58 (4), 59 (90 S. E. 986); *Bugg* v. *State*, 17 *Ga. App.* 211 (3) (86 S. E. 405).

2. In the instant case, in which a verdict for the plaintiff was rendered in a dispossessory proceeding, the motion for a new trial is limited to the general grounds. The evidence, admitted without objection, authorized a finding that the defendant had failed to pay the money rent and keep the property insured, as required by the terms of the oral agreement, and had also failed to keep the premises in repair, as required by the terms of the written lease. The verdict for the plaintiff being thus authorized by the evidence, admitted without objection, the question as to error in the admission of such parol testimony, suggested only in the brief of the defendant's counsel, can not be considered.          *Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED APRIL 17, 1925.

Eviction; from Campbell superior court—Judge Hutcheson. December 15, 1923.

*W. E. Suttles,* for plaintiff in error.

*J. H. Longino,* contra.