17938. RITCHIE & WELLS *v.* IRVIN.

</div>

JENKINS, P. J. 1. This case is before the court on the usual general grounds of the motion for new trial, and the additional ground that the court erred in not directing a verdict in favor of the claimant. As

has been repeatedly held by this court and by the Supreme Court, it is never error to refuse to direct a verdict.

2. "The lien of a mortgage on personalty given contemporaneously with the sale thereof to secure the purchase money, is of superior dignity to that of a judgment rendered against the mortgagor prior to the purchase and the giving of the mortgage for the purpose stated." *Wiggins* v. *Tumlin*, 96 *Ga.* 753 (2) (23 S. E. 75); *Duncan* v. *Clark*, 96 *Ga.* 263, 266 (22 S. E. 927). If, after the maturity of the purchase-money debt thus secured, the mortgagor, without requiring the foreclosure of the mortgage, in good faith and without fraud of any kind, returns the mortgaged property to his creditor in satisfaction of the entire purchase price which the mortgage was given to secure, and if the fair value of the property is not then greater in amount than the purchase price thus extinguished by the return of the property, such property, in the hands either of the mortgagee after its surrender or of his subsequent vendee, is not subject to such antecedent, or to an intervening, judgment against the first vendee of the property. *Wiggins* v. *Tumlin*, supra. But if a portion of the purchase price is paid by the original vendee at the time the purchase-money mortgage to the vendor is executed, and the mortgage secures only the remaining unpaid portion of the purchase price, an antecedent judgment against the vendee, or a judgment rendered against him while in possession of the property under his purchase, attaches to his interest therein, and this lien can not be defeated by a private surrender of the property to the vendor in payment of the unpaid balance of the purchase price. *Kidd* v. *Kidd*, 158 *Ga.* 546, 551, 552 (124 S. E. 45, 36 A. L. R. 798).

3. In the instant case the claimant of the property levied upon is one who claims to have been the vendor of the property, and to have received it back from his vendee by giving credit in a stated amount upon the mortgage executed to him by the vendee at the time of the sale. It in no wise appears from the record, however, that the purchase-money mortgage note represented the entire purchase price of the property, nor that the amount for which credit was given by the vendor upon the return of the property represented the fair market value of the property at that time. Moreover, under the testimony of the mortgagor, it appears that the purchase-money mortgage relied upon by the claimant was not in fact executed for the purchase price of the property levied upon, but was in fact given to secure a preexisting debt. Accordingly, the jury were authorized to find that the property was subject to levy and sale under the plaintiff's antecedent fi. fa.        *Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED OCTOBER 14, 1927.

Claim; from Habersham superior court—Judge J. B. Jones. December 21, 1926.

*Ernest J. Kimsey, I. H. Sutton,* for plaintiffs in error.

*J. C. & H. E. Edwards,* contra.