## 20908. FOREMAN *v.* PATTISON.

STEPHENS, J. 1. Where property has been purchased and the title retained by the seller as security for a portion of the purchase-money, a preexisting judgment creditor of the purchaser has a lien upon the property for the enforcement of the judgment, subject to the seller's title to the property as security for the amount due on the purchase-money. Where property sold possesses a value in excess of the balance due on the purchase-money, the seller can not by agreement with the purchaser repossess the property and take it for the balance due, and thereby defeat the existing judgment lien against the purchaser's equity in the property, of which the seller at the time had notice. *Kidd* v. *Kidd,* 158 *Ga.* 546 (124 S. E. 45, 36 A. L. R. 798); *Ritchie* v. *Irvin,* 37 *Ga. App.* 280 (2) (139 S. E. 910). One who, with notice of the lien of the judgment creditor against the purchaser's equity in the property, purchases the property from the seller after the seller has thus repossessed it, acquires no better title than his vendor had, which is none at all as against the judgment lien of the creditor of the orignial purchaser, and can not, by a claim to the property when levied on by an execution on the judgment against the original purchaser, assert title to the property.

2. Upon the trial of a claim case, where it appears from undisputed evidence that, after the plaintiff in execution had obtained a judgment against the defendant in execution and the judgment had been duly recorded upon the general execution docket, the defendant in execution purchased for $1700 or $1800 an automobile to which his vendor retained title as security for the unpaid portion of the purchase-money, amounting to $564, and afterwards, under an agreement with the defendant in execution, his vendor repossessed the property and took it back in payment of the balance due on the purchase-money, which was

$500, when at the time the automobile was worth $200 or $300 in excess of the balance due on the purchase-money, and afterwards sold the automobile to the claimant, the claimant obtained no title to the property superior to the lien thereon in favor of the plaintiff in execution, and the verdict rendered finding the property subject to the execution was demanded as a matter of law, and if there were any errors in the charge of the court they were harmless to the plaintiff in error. The court did not err in overruling the motion for a new trial.

*Judgment affirmed.* *Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 16, 1931.

*Pottle, Hardwick, Farkas & Cobb,* for plaintiff in error.
*W. H. Burt,* contra.