24752. Southern Envelope Company *v.* Adamson Printing Company.

Sutton, J. 1. This was a suit on account. The defendant ordered certain goods from the plaintiff. Defendant retained a part of the goods, and returned a part of them because they were not of the kind and quality ordered. The trial judge found in the plaintiff's favor for the portion retained by the defendant. The plaintiff moved for a new trial. The motion was overruled, and that judgment was affirmed by the appellate division of the trial court. The case is in this court to review that judgment. There being evidence tending to show that a portion of the goods were not of the kind and quality ordered, and that the plaintiff had informed the defendant that if such goods were not of the kind and quality agreed upon they could be returned to it, the verdict in the plaintiff's favor for the amount of the goods retained was authorized by the evidence.

2. Testimony to the effect that the plaintiff's salesman, at the time the order for the goods was given to the plaintiff, informed defendant that the "16 lb. Open End Manilla Envelopes" specified in the order were equal to and the same as the "20 lb. Open End Manilla Envelopes" which defendant desired, and the only kind which it could use in its printing business, and that if they were not of such kind and quality the defendant could return them to the plaintiff, was admitted without objection from the plaintiff, and the plaintiff now contends that the verdict is contrary to the law and the evidence because such evidence sought to contradict, vary, add to or change the terms of a valid written unconditional contract. Where a party who is entitled to the benefit of the rule prohibiting the admission of parol evidence to vary or contradict a writing waives the benefit thereof by allowing such evidence to be received without objection and without any effort to have it stricken and disregarded by the trial judge or the jury, he can not, after the trial has terminated and the case has been decided against him, invoke the parol-evidence rule in order to obtain a reversal of such verdict and judgment in the appellate court. *Swanson* v. *Mobley*, 33 *Ga. App.* 791 (127 S. E. 806) ; *Supreme Lodge* v. *Gardner*, 19 *Ga. App.* 58 (4) (90 S. E. 986) ; 22 C. J. 1295, § 1728; 3 Dec. Dig. 1101.

3. A new trial will not be granted plaintiff because its counsel did not appear in time for the trial and because plaintiff contends that its case was poorly presented and tried because of the absence of counsel who had instituted the suit.

4. It follows that the trial judge did not err in overruling plaintiff's motion for new trial, and that the appellate division of the municipal court of Atlanta did not err in affirming that judgment.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

Decided July 2, 1935.

*Bruce & Bruce, W. R. Hewlett,* for plaintiff.
*H. A. Allen,* for defendant.