27095. COMMERCIAL CREDIT COMPANY INC. *v.* LEWIS.

MACINTYRE, J. 1. "A purchaser of an article, who gives his note for the price of the article, and therein accepts a limited warranty, and stipulates not to exact anything beyond, will not be allowed to prove by parol other representation or warranty of the seller, unless upon the ground of fraud." *Pryor* v. *Ludden & Bates So. Music House,* 134 *Ga.* 288, 292 (67 S. E. 654, 28 L. R. A. (N. S.) 267).

2. "As an incident to a sale of a chattel the law implies a warranty, which the parties may waive or change by express agreement. The warranty whether express or implied, necessarily enters into the consideration of the article sold. A plea of breach of warranty is the substantial equivalent of a plea of failure of consideration; and the defense is allowed upon the principle that the consideration of a note between the parties is always open to inquiry so far as the promise to pay depends upon its existence, continuance, or amount, and that as a warranty is incident to every sale of a chattel, parol evidence is admissible, not for the purpose of showing that a different promise from the written one was made, but that it is different in legal effect as a consequence of the want, cessation, or shrinkage of the consideration." *Pryor* v. *Ludden & Bates,* supra.

3. "Generally, parol negotiations and stipulations preceding the making of a written contract are merged in the writing. If the writing is ambiguous, it may be explained by parol evidence, and even when not so, the admission of such parol evidence without objection affords no cause for a new trial." *Swanson* v. *Mobley,* 33 *Ga. App.* 791 (127 S. E. 806); *Wheelwright* v. *Aiken,* 92 *Ga.* 394 (3) (17 S. E. 610). See also, for general discussion, *Bowen* v. *Swift & Co.,* 52 *Ga. App.* 793 (184 S. E. 625); *Cody* v. *Automobile Financing Inc.,* 37 *Ga. App.* 452 (140 S. E. 634); *Hoffman* v. *Franklin Motor Co.,* 32 *Ga. App.* 229 (4) (122 S. E. 896); *Pryor* v. *Ludden & Bates,* supra.

4. "Where a party who is entitled to the benefit of the rule prohibiting the admission of parol evidence to vary or contradict a writing waives the benefit thereof by allowing such evidence to be received without objection and without any effort to have it stricken and disregarded by the trial

judge or the jury, he can not, after the trial has terminated and the case has been decided against him, invoke the parol-evidence rule in order to obtain a reversal of such verdict and judgment in the appellate court." *Southern Envelope Co.* v. *Adamson Printing Co.*, 51 *Ga. App.* 475 (2) (180 S. E. 770).

5. In the instant case, in which a verdict for the defendant·was rendered in a purchase-money attachment proceeding, the motion for new trial was limited to the general grounds and one special ground objecting only to certain quoted evidence. The evidence, admitted without objection, authorized a finding that the plaintiff had made a parol warranty, contemporaneously with or before the execution of the note and contract here sued on, that they (the plaintiff and the Holleman Motor Company) "would fix the car and put it in perfect condition;" that the new note and contract constituted a novation and was not a renewal of the original note and contract, there being a new consideration for the second note and contract, to wit: "added $112 into that note;" that there was a partial failure of consideration because of a breach of the express parol warranty; and that the defendant had performed his duty to furnish the jury data upon which they could, without guesswork, estimate the extent of such partial failure. The only testimony objected to, which in truth related to facts which occurred several months before the execution of the note and contract here sued on, was, we think, admissible as a circumstance which along with other circumstances gave rise to the subsequent execution of the note and contract in question. The verdict for the defendant being thus authorized by the evidence which was admitted without objection, the question as to the error in the admission of such parol testimony, suggested only in the brief of plaintiff in error, can not be here considered. See, in this connection, *Swanson* v. *Mobley*, supra; *So. Envelope Co.* v. *Adamson Printing Co.*, supra; *Supreme Lodge* v. *Gardner*, 19 *Ga. App.* 58 (4) (90 S. E. 986) ; 22 C. J. 1295. See also *Frick Co. Inc.* v *Lawson*, 50 *Ga. App.* 511 (179 S. E. 274), and cit.

6. Under the foregoing rulings, the evidence having warranted the verdict, we are of the opinion that the court did not err in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*

DECIDED DECEMBER 5, 1938.

148

*Al Hatcher, Palmer W. Hicks, John R. Powell Jr.,* for plaintiff.
*Price & Spivey, I. W. Rountree,* for defendant.