30112. SABIN-ROBBINS PAPER COMPANY *v.* WILSON.

DECIDED OCTOBER 9, 1943.

*Noah J. Stone,* for plaintiff.

*E. A. Wright, H. C. Holbrook, Hallie B. Bell,* for defendant.

MACINTYRE, J. 1. The Code, § 39-802, provides that the claimant "shall give" the damage or claim bond therein specified, "with good and sufficient security." "If a claim bond do not conform to the statute, it may be amended. If it be so defective as not to protect the plaintiff in fi. fa., and no amendment be offered, the claim will be dismissed." *Lee* v. *Mills,* 69 *Ga.* 740.

2. "Where the purported surety on a bond is a corporation,

. . and its signature is made by one who purports to act as its attorney in fact, the appeal is subject to dismissal unless the bond is accompanied by a power of attorney showing the authority of the one purporting to act for the corporation in executing a bond. *Southern Express Co.* v. *Wheeler,* 72 *Ga.* 210; *Harwell* v. *Marshall,* 125 *Ga.* 451 (54 S. E. 93); *Anderson* v. *Southern Ry. Co.,* 9 *Ga. App.* 199 (70 S. E. 983); *Seaboard Air-Line Ry.* v. *Rosenbusch,* 12 *Ga. App.* 154 (76 S. E. 1041). 'The reason why the power of attorney must accompany the bond, when the signature is affixed by an attorney in fact, is that the writing itself is the highest and best evidence of the scope of the agent's authority.' " *Maddox* v. *Waldrop,* 60 *Ga. App.* 702, 705 (4 S. E. 2d, 684).

3. In the instant case, both the claim bond and the forthcoming bond are signed: "Mrs. Myrtle Lebby Wilson (L. S.) Principal. United States Fidelity & Guaranty Co. (L. S.) Security. By Frank W. Colquitt Attorney-in-Fact (Seal)." One of the grounds of the plaintiff's timely, written motion to dismiss the claim was that "each bond is signed by an attorney in fact and no original authority is given," and "for that reason both of these bonds are fatally defective." Neither bond was amended to meet the motion to dismiss, and the court overruled the motion, and timely and proper exceptions were taken to this ruling.

4. The only case cited by counsel for the defendant in error to support the contention in their brief that the "seal is prima facie evidence that it was affixed by proper authority," is *Solomon's Lodge* v. *Montmollin,* 58 *Ga.* 547, the headnote of which reads: "Where the common seal of a corporation is affixed to a contract introduced in evidence, and the signatures of the proper officers thereto are proved, the presumption is that the officers did not exceed their authority. The seal itself is prima facie evidence that it was affixed by proper authority." The facts of that case clearly differentiate it from the facts of the instant case, where the claim bond is purported to be signed by a corporation by an attorney in fact. *Foley & Williams Mfg. Co.* v. *Bell,* 4 *Ga. App.* 447 (61 S. E. 856), and cit.

5. Applying the law to the facts of this case, the court erred in overruling the motion to dismiss the claim, for the reason that the corporation purporting to sign the claim bond as security was not bound by that bond.

44

6. In view of the above ruling the further proceedings in the case were nugatory.

*Judgment reversed. Broyles, C. J., and Gardner, J., concur.*