## 31484. DORSEY *v.* CLEMENTS.

DECIDED MARCH 6, 1947. REHEARING DENIED MARCH 20, 1947.

*George P. Wright, J. W. Dennard, John H. Dorsey,* for plaintiff in error.

*H. G. Rawls,* contra.

FELTON, J. The only question in this case is whether the expression in the lease, "timber suitable for turpentine purposes," is ambiguous. If it is not, parol evidence is not admissible to vary or contradict the terms of the lease. If it is ambiguous, it may be explained by parol on the theory set forth in the petition. Code, §§ 20-704 (1), 20-703, 38-502; *Swanson* v. *Mobley,* 33 *Ga. App.* 791 (127 S. E. 806); *Wheelwright & Co.* v. *Aiken,* 92 *Ga.* 394 (17 S. E. 610); *Ford* v. *Lawson,* 133 *Ga.* 238 (65 S. E. 444). It would seem that, if the word "timber" is not a word of invariable meaning (*Pennington* v. *Avera,* 124 *Ga.* 147, 52 S. E. 324; *Reynolds* v. *Wingate,* 164 *Ga.* 317, 138 S. E. 666; *Neal Lumber &c. Co.* v. *O'Neal,* 175 *Ga.* 883, 166 S. E. 647; *Vandiver* v. *Byrd-Matthews Lumber Co.,* 146 *Ga.* 113, 90 S. E. 960), in that it can not be ascertained from reading the expression exactly or approximately what size trees are included, the expression, "timber suitable for turpentine purposes," is likewise not an expression of invariable meaning, for the reason that it does not on its face or in connection with facts of which the court can take judicial notice show the minimum size of a pine tree which is suitable for turpentine purposes. We, therefore, hold that the expression is ambiguous and subject to explanation by parol. Such an explanation may be based on the construction placed upon the expression at the time of the execution of the lease. Code, § 20-703; *Armistead* v. *McGuire,* 46 *Ga.* 232; *Holloway* v. *Brown,* 171 *Ga.* 481 (155 S. E. 917); *Atlanta Chemical Co.* v. *Hardin Bag Co.,* 49 *Ga. App.* 748 (176 S. E. 772); *Hartwell Grocery Co.* v. *Mountain City Mill Co.,* 8 *Ga. App.* 727 (70 S. E. 48); *Walnut Creek Milling Co.* v. *Smith Brothers Co.,* 178 *Ga.* 341 (173 S. E. 95). The case of *Carter* v. *Williamson & Co.,* 106 *Ga.* 280 (31 S. E. 651),

relied on by the defendant in error, is distinguishable. It was there stated that a lease of "all of the round timber, or timber suitable for turpentine purposes," on designated lots of land, each described as containing a specified number of acres, was not ambiguous. The question involved there, as in *Cherry Lake Co.* v. *Lanier Armstrong Co.*, 10 *Ga. App.* 341 (73 S. E. 610) was the identity of the land and not the dimensions of the timber, and all that the courts meant to say was that the descriptions of the lands were not ambiguous. It follows that the court did not err in overruling the general demurrer.

There being a dissent, the case was passed on by the court as a whole under the provisions of the act of 1945 (Ga. L. 1945, 232).

*Judgment affirmed. Broyles, C. J., Sutton, P. J., MacIntyre, and Gardner, JJ., concur. Parker, J., dissents.*

PARKER, J., dissenting. The words in the lease, "timber suitable for turpentine purposes," are not ambiguous in my opinion, and the expression means all the timber suitable at the date of the instrument for the purposes indicated. See *Carter & Elliott* v. *Williamson & Co.*, 106 *Ga.* 280 (supra); *McRae* v. *Stillwell*, 111 *Ga.* 65 (36 S. E. 604, 55 L. R. A. 513); *Martin* v. *Peddy*, 120 *Ga.* 1079 (48 S. E. 420); *Allison* v. *Wall*, 121 *Ga.* 822 (6) (49 S. E. 831); *McRae* v. *Smith*, 164 *Ga.* 23 (4) (137 S. E. 390). "Turpentine timber" has not only a provincial but also a general meaning. *Ellis* v. *State*, 67 *Ga. App.* 821, 828 (21 S. E. 2d, 316). Even though it may be necessary to prove by parol testimony the usual size of timber suitable for turpentine purposes, this may be done without varying the terms of the writing, as the parties will be understood to have contracted with reference to the usual and customary rule in that particular. "But an attempt to limit the use of the property conveyed by parol proof involves an entirely distinct proposition," as was said by the Supreme Court in *Shaw* v. *Fender*, 138 *Ga.* 48, 52 (74 S. E. 792). It seems to me that to permit a party to a timber lease conveying the timber suitable for turpentine purposes to engraft upon the written contract by parol particular dimensions or specifications of timber that may be utilized is clearly adding to and varying a written contract, as prohibited by the Code, § 20-704. For these reasons the court should have sustained the demurrer to the petition.