33720. GORDON *v.* COMMERCIAL AUTO LOAN CORP.

Decided March 21, 1952—Rehearing denied April 3, 1952.

*Daisy L. Churchwell,* for plaintiff.

*Joseph W. Popper, Arthur L. Mims, Carl E. Westmoreland,* for defendant.

PER CURIAM: 1. It is contended that the court erred in overruling the motion to dismiss the claim on the ground of alleged insufficiency of the bond. The claimant is required to give bond "in a sum not larger than double the amount of the execution levied," except that, where the property levied on is of less value than the execution, the amount of the bond "shall be double the value of the property levied upon." Code, § 39-802. It appears from the record that a deputy sheriff levied an execution in the amount of $80.60 in favor of Henry Gordon *v.* Jim Grier on the automobile in question. P. B. O'Malley testified that the vehicle was worth $105 on the day the levy was made.

Construing Code §§ 39-802 and 39-907—the former providing for the amount of the bond in a claim case, and the latter relating to the basis upon which recovery may be had in the event it appears that the claim was filed for the purpose of delay only— it is shown that it was the intention of the legislature to require that the bond be in an amount double the sums due on the execution at the time of the levy thereof, provided that these sums are less than the value of the property levied on and for which the claim is interposed; and, in the event that the value of the property is less than the total of such sums due on the execution, the bond must be in an amount double the value of the property as appraised by the levying officer. Since the bond here was in an amount double only the amount of the execution, principal, interest, and cost up to the date of the execution, exclusive of accrued interest since the date of the execution, it is not in strict conformity with the requirements of the statute. However, this defect does not render the claim void or invalid. The bond is amendable. Code, § 81-1204; *Veal* v. *Perkerson,* 47 *Ga.* 92; *Lee* v. *Mills,* 69 *Ga.* 740; *Sabin-Robbins Paper Co.* v. *Wilson,* 70 *Ga. App.* 42 (27 S. E. 2d, 254). The defect, therefore, does not

require the dismissal of the claim. If the plaintiff in fi. fa. contends that such bond is injurious in that he is not amply protected by the terms of the bond, his proper remedy is to move the court to require the bond to be increased in amount so as to conform to the requirements of the statute. When such a motion is made, it is the duty of the trial court to require conformity. Upon the failure of the claimant to comply with such order of the judge, it then becomes the duty of the judge to dismiss the claim. It appearing from the record that the plaintiff in fi. fa. made no such motion to increase the claimant's bond, the refusal of the judge to dismiss the claim was not error.

2. The only objection in the motion for new trial insisted upon is that the court erred in giving the following charge: "I charge you that, where personalty sold on credit and contemporaneously the purchaser gives to the seller a mortgage on the property to secure the indebtedness so created, the lien of the purchase-money mortgage is superior to all common-law judgments rendered against the mortgagor prior to the purchase and the giving of the purchase-money mortgage." The effect of the acceptance by Commercial Auto Loan Corporation of a bill of sale to secure debt from Jim Grier and his wife, as arranged by P. B. O'Malley, the original purchaser, was to refinance the transaction as if the sale had been made to him at the outset and a balance remained unpaid, although it is not shown by the record that P. B. O'Malley was at the same time relieved from liability. While the bill of sale was executed by James W. Grier and his wife, the record shows that P. B. O'Malley transferred his interest to "James W. Grier, heirs, executors, administrators and assigns"; and Grier testified that he bought the car and paid a part of the purchase price and the balance was unpaid and that his wife, Henrietta Grier, had no interest in it and it was his debt. His wife testified that he bought the car and that she had no interest in it.

"Where a party who is entitled to the benefit of the rule prohibiting the admission of parol evidence to vary or contradict a writing waives the benefit thereof by allowing such evidence to be received without objection and without any effort to have it stricken and disregarded by the trial judge or the jury, he can not, after the trial has terminated and the case has been decided

against him, invoke the parol-evidence rule in order to obtain a reversal of such verdict and judgment in the appellate court." *Southern Envelope Co.* v. *Adamson Printing Co.*, 51 *Ga. App.* 475 (2) (180 S. E. 770). See also *Supreme Lodge* v. *Gardner*, 19 *Ga. App.* 58 (4) (90 S. E. 986); *Swanson* v. *Mobley*, 33 *Ga. App.* 791 (127 S. E. 806); *Commercial Credit Co.* v. *Lewis*, 59 *Ga. App.* 144 (4) (200 S. E. 566); *Wheelwright & Co.* v. *Aiken*, 92 *Ga.* 394 (3) (17 S. E. 610); *Walters* v. *Americus Jewelry & Music Co.*, 114 *Ga.* 564 (40 S. E. 803); *Horton* v. *Wilkerson*, 192 *Ga.* 508 (16 S. E. 2d, 8). In these circumstances, the rule applies that, where personal property is sold on credit and simultaneously therewith the purchaser executes to the seller a bill of sale on the property to secure the indebtedness so created, the lien of the purchase-money instrument is superior to antecedent common-law judgments against the purchaser. *Luke* v. *Cason*, 7 *Ga. App.* 183 (66 S. E. 493); *Ritchie & Wells* v. *Irvin*, 37 *Ga. App.* 280 (139 S. E. 910). The charge complained of was not error.

There was ample evidence from which the jury was authorized to find that title to the automobile was in Commercial Auto Loan Corporation, claimant.

The court did not err in overruling the certiorari.

There being a dissent in the division to which this case was originally assigned, it was considered by the whole court as provided by the act approved March 8, 1945 (Ga. L. 1945, p. 232).

*Judgment affirmed. Gardner, P.J., Townsend and Carlisle, JJ., concur in Division 1 of the opinion. Sutton, C.J., and Worrill, J., concur specially in this division of the opinion. Sutton, C.J., Gardner, P.J., Worrill and Carlisle, JJ., concur in Division 2 of the opinion and in the judgment of affirmance. Felton, J., dissents from both divisions of the opinion and from the judgment of affirmance. Townsend, J., dissents from Division 2 of the opinion and from the judgment of affirmance.*

FELTON, J., dissenting. The promissory note involved in this case is not a simple note agreeing to pay the sum due and waivers of homestead, etc. It is a long agreement, written in fine print, single-spaced, containing approximately 3000 words, which we do not propose to set forth. It contains all manner of agreements. The second paragraph of this note is as follows: "This

instrument is executed for the purchase price of a Four Percent Certificate of indebtedness (number 4868-2) of said company, sold to the purchaser named below, receipt of ·delivery of which is hereby‵ acknowledged, and undersigned do hereby agree to comply with all of the rules, and regulations of said Company now in force, or which may hereafter be adopted by it." This provision, as well as many others in the so-called "note," shows that the statement as to what the consideration is, is not a mere recital of consideration but is a material term in the note (which is much more than a note). There was parol testimony in the case to the effect that the note was given for the purchase price of the automobile and the testimony was not objected to. The note conveys the automobile as security for the debt, but nowhere states that the note is for purchase money. Under the contract note and record in this case, it must be held that the note was not given for the purchase price of the automobile because the contract cannot be varied or contradicted by parol testimony, even when not objected to. *Cooper* v. *Vaughan,* 81 *Ga. App.* 330 (58 S. E. 2d, 453), and cases cited; *Cleghorn* v. *Shields,* 165 *Ga.* 362 (141 S. E. 55); *Albany Federal &c. Assn.* v. *Henderson,* 198 *Ga.* 116 (31 S. E. 2d, 20) (substantive rule of law.) I do not construe the older Supreme Court decisions as ruling anything contrary to *Cleghorn* v. *Shields,* supra. It follows that the claimant failed to show that the automobile was not subject to the execution levied upon it, by showing that a purchase-money bill of sale was superior to such execution. The record shows that P. B. O'Malley conveyed the automobile to James W. Grier by bill of sale for $500, which stated that it was free from all encumbrances (except Commercial Auto Loan Corporation). How the deal was handled does not appear, but the encumbrance to which the vehicle was subject when Grier bought from O'Malley is not the one which the claimant urged in support of its claim. If it substituted an encumbrance O'Malley placed on it for Grier's promissory note and bill of sale, it might possibly have protected itself against the common-law judgment, but it could not, in my judgment, do so by the method pursued. I feel that the charge of the trial court was erroneous, and that the superior court erred in overruling the certiorari.

I am authorized to state that Townsend, J., concurs in this dissent.