## 34171. PETHEL *v.* LIBERAL FINANCE CO.

DECIDED SEPTEMBER 18, 1952.

*Frank B. Stow, Robert E. Andrews,* for plaintiff in error.
*C. E. Smith Jr.,* contra.

TOWNSEND, J. (After stating the foregoing facts.) The lien of a general judgment, when execution issues thereon and is properly entered upon the execution docket, binds all of the property of the defendant. Code, §§ 110-507, 39-701. Where the defendant in execution does not hold legal title to property but has

only an equity therein, an execution may not be levied against such equity until after payment or tender of any amounts owing to the vendor under the retention-title contract. Code, § 39-201; *Deariso & Co.* v. *Lawrence,* 3 *Ga. App.* 580 (3) (60 S. E. 330). However, the lien of the judgment creditor may not be defeated by an agreement between the conditional vendor and vendee that the contract be rescinded and the former repossess the goods. *Deariso & Co.* v. *Lawrence,* supra; *Stewart* v. *Berry,* 84 *Ga.* 177 (10 S. E. 601). In *Foreman* v. *Pattison,* 43 *Ga. App.* 819 (1) (160 S. E. 662) it was held as follows: "Where property sold possesses a value in excess of the balance due on the purchase money, the seller can not by agreement with the purchaser repossess the property and take it for the balance due, and thereby defeat the existing judgment lien against the purchaser's equity in the property, of which the seller at the time had notice." Conversely, the following is held in *Ritchie & Wells* v. *Irvin,* 37 *Ga. App.* 280 (1) (139 S. E. 910): "If, after the maturity of the purchase money debt thus secured, the mortgagor, without requiring the foreclosure of the mortgage, in good faith and without fraud of any kind, returns the mortgaged property to his creditor in satisfaction of the entire purchase price which the mortgage was given to secure, *and if the fair value of the property is not then greater in amount than the purchase price thus extinguished* by the return of the property, such property, in the hands either of the mortgagee after its surrender or of his subsequent vendee, is not subject to such antecedent, or to an intervening, judgment against the first vendee of the property." (Emphasis added.)

However, the purpose of the transaction here was not, as in the *Ritchie* case, to repossess the property solely for the purpose of extinguishing the purchase price, nor can it be said that the value of the property was not greater than the indebtedness. The record shows that the purchase price of the Pontiac on December 8, 1950 was $1481.50; that all of this purchase price except $587 had been paid by August 25, 1951, when Seymour purchased the Chevrolet, and that at that time Seymour traded in the Pontiac, thus extinguishing his indebtedness on it and receiving a further credit of $435 which was then applied toward the purchase of the Chevrolet. It is thus apparent that what

occurred was a novation in which the claimant repurchased the Pontiac at the same time he sold the Chevrolet, and thus extinguished the original retention-title contract on which he here attempts to rely.

In the *Deariso* case, supra, where one holding a retention-title contract to a mule agreed to repossess and sell the animal, crediting the sale price toward the indebtedness, it was held that such novation extinguished the paramount title of the original vendor. It was further stated: "The law views the transaction merely as a purchase of the mule by Johnson [vendor in the retention-title contract] from the defendant in fi. fa. [vendee in the retention-title contract] entitling the latter to a credit on the note of the amount of the price in this sale. This brings the case within the rule in the case of *MacIntyre* v. *Ferst's Sons Co.*, 101 *Ga.* 682 [28 S. E. 989], and the title thus acquired by Johnson from the defendant in fi. fa. and transmitted to the claimant [subsequent purchaser from Johnson] was inferior to the lien of the plaintiff's execution, being subsequent in date."

The present case is much stronger against the claimant, for here the claimant, in repurchasing the Pontiac, paid the defendant in fi. fa. the sum of $435 as a credit to be applied to the purchase of another car. This sum was greater than the amount of the judgment with costs and interest, and was properly held subject to the prior lien thereof.

The judgment of the trial court was without error.

*Judgment affirmed. Gardner, P.J., and Carlisle, J., concur.*